ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Shneez Veritas, LLC | ) | ASBCA No.  62067 |
| | ) | |
| Under Contract No. W91B4N-11-D-7016 | ) | |

APPEARANCES FOR THE APPELLANT:    W. Barron A. Avery, Esq.
                                  Brian V. Johnson, Esq.
                                    Baker & Hostetler, LLP
                                    Washington, DC

APPEARANCES FOR THE GOVERNMENT:   Scott N. Flesch, Esq.
                                    Army Chief Trial Attorney
                                  Daniel B. McConnell, Esq.
                                  CPT Eugenée M. Gray, JA
                                  CPT James A. Wallace, JA
                                    Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE OSTERHOUT
ON APPELLANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This appeal concerns Contract No. W91B4N-11-D-7016 (the contract) between the United States Army (the government) and Shneez Veritas, LLC (appellant or SVL or Shneez).  The contract involved an indefinite quantity contract for trucking services in Afghanistan.  The government terminated the contract for convenience, which resulted in several settlement agreements.  Appellant moved for partial summary judgment, asking the Board to restrict the government's affirmative defense of appellant signing a release in prior settlement agreements when a 2018 settlement agreement contained an exception to the release.  The government opposes the motion. For the reasons stated below, the motion is denied.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1.  The contract was awarded on August 16, 2011 (R4, tab 2 at 1).  The contract was an indefinite quantity contract that required providing trucking services in Afghanistan (R4, tab 2 at 5-7).  The contract contained contract line item number (CLIN) 0001 of one 12-month base period, CLIN 1001 of one 12-month option period, and CLIN 2001 of one 3-month option period, as well as CLINs 0002, 1002, and 2002 which were Defense Base Act insurance CLINs for each period (R4, tab 2 at 7-9).

2. The government awarded four separate task orders with several modifications each. The task orders funded the contract and the modifications were mostly administrative matters. (R4, tabs 3-25)

3. The contract was terminated for convenience on January 28, 2013 (R4, tabs 29-33).

4. On October 28, 2013, appellant submitted a termination settlement proposal (R4, tab 47).

5. On March 8, 2014, the contracting officer (CO) partially settled via Modification No. 07 for task order 0004 (R4, tab 50). The settlement covered the basic contract and task orders 0001, 0002, 0003, and 0004 (R4, tab 50 at 1). The settlement covered the time period January 29, 2013 through June 30, 2013 (R4, tab 50 at 2).

6. On October 23, 2014, the CO partially settled via Modification No. 11 for task order 0004 (R4, tab 63). The modification stated, "The period of performance end date is hereby changed from 15 Sep 2013 to 28 Jan 2013." It created CLIN 1007 for payment of the settlement. (R4, tab 63 at 1)

7. On November 24, 2014, the CO issued a final determination (COFD), denying the remaining items appellant requested (R4, tab 66).

8. On March 7, 2016, the parties signed a settlement agreement to resolve ASBCA Nos. 59844-59850 (R4, tab 76). In exchange for payment, appellant agreed to join the government to request dismissal with prejudice of ASBCA Nos. 59844-59850 (R4, tab 76 at 2). The settlement agreement contained a release:

> Effective upon the receipt by SVL of the payment set forth in paragraph 1, SVL remises, releases, and discharges the Government, its officers, agents, and employees of and from all civil liabilities, obligations, claims, appeals, and demands which it now has or hereafter may have, whether known or unknown, administrative or judicial, legal or equitable to include any amounts presently owed SVL, attorney's fees, interest and costs under the Equal Access to Justice Act, arising under or in any way related to the termination of the Contract for convenience or ASBCA Nos. 59844-59850.

(R4, tab 76 at 3)

9. On August 30, 2016, the parties signed a settlement agreement agreeing that the government would pay $3,200,000 to settle four claims filed by appellant on

January 28, 2016 (R4, tab 80).  The settlement agreement included a release that stated:

> This Settlement Agreement constitutes a full release and accord and satisfaction by Shneez of any and all claims, demands, or causes of action, actual or perceived, known or unknown, arising under or related to this claim which formed the basis for this Settlement Agreement.  Shneez remises, releases, and discharges the Government, its officers, agents, and employees of and from all civil liabilities, obligations, claims, appeals and demands which it now has or hereafter may have, whether known or unknown, administrative or judicial, legal or equitable, including attorney's fees, arising under or in any way related to the disputes which formed the basis of this Settlement Agreement.

(R4, tab 80 at 2; app. MSJ rep., ex. 6 at 2)

10.  On April 24, 2017, the parties executed a settlement agreement to correct an error due to the currency used to pay the August 23, 2016 settlement agreement.  The settlement agreement contained a release with the same language as the August 23, 2016 settlement agreement.  (R4, tab 81)

11.  On December 19, 2017, appellant filed a request for equitable adjustment (REA) with the subject line "SVL Request for Equitable Adjustment for delay – extended overhead and late payments" with the CO (R4, tabs 83-84).  The REA asked for "$6,112,348.80 Extended overhead claim" as well as a request for $2,316,468 for violation of the Prompt Payment Act and $760,000 in interest (R4, tab 83 at 1).  Specifically, appellant's claim stated, "The attached REA is for extended overhead of SVL, whom had to finish all of the work as requested by the contracting officers far beyond the termination for convenience of the contract which occurred on January 28, 2013" (R4 tab 83 at 1).  A lawyer wrote the supporting document or "attached REA" and stated it had "determined that SVL has the right to collect for the following costs of extended overhead on the contract due to agency actions that have extended the contractual performance from the termination of convenience date through December 2016" (R4, tab 84 at 1).  In the supporting document, appellant defined the requested $6,112,348.80 for unabsorbed overhead, using the Eichleay Formula to argue entitlement.  Appellant also requested costs for violations of the Prompt Payment Act and interest, resulting in a total of over $10 million.  (R4, tab 84)

12.  Appellant filed a certified claim, dated December 20, 2017, with the CO in the amount of $6,112,348.80 (app. MSJ rep., ex. 10).  The certified claim referenced

appellant's "Delay Claim with additional letters of SVL REA Legal Opinion." On September 12, 2018, the government date stamped the claim as received. (R4, tab 87)[*]

13. On October 10, 2018, the parties executed a settlement agreement in the amount of $5,400,000 to cover a number of issues raised (R4, tab 88). The settlement agreement included paragraphs two and three with release language:

> 2. This Settlement Agreement constitutes a full release and accord and satisfaction by Shneez of any and all claims, demands, or causes of action, actual or perceived, known or unknown, arising under or related to this contract, with the sole exception of the Overhead claim submitted 12 September 2018.
>
> 3. Shneez remises, releases, and discharges the Government, its officers, agents, and employees of and from all civil liabilities, obligations, claims, appeals and demands which it now has or hereafter may have, whether known or unknown, administrative or judicial, legal or equitable, including attorney's fees, arising under or in any way related to this contract, with the sole exception of the Overhead claim submitted 12 September 2018.

(R4, tab 88 at 2-3)

14. On February 15, 2019, the CO issued a COFD for appellant's September 12, 2018 claim. The CO denied the $6,112,348.80 claim in full, analyzing the Eichleay Formula as presented by appellant. (R4, tab 101)

### POSITIONS OF THE PARTIES

Appellant's Motion

Appellant filed a motion for partial summary judgment in which it asked the Board to restrict the government's affirmative defense that the claim is barred as a matter of law under the doctrines of release and waiver (app. MSJ at 12). Appellant stated that the government's defense fails because of the October 10, 2018 settlement agreement that included an exception for the overhead claim in the release (app. MSJ at 12; *see also* SOF ¶ 13). Appellant admitted that it signed prior settlement

---

[*] The parties appear to have adopted the date of the certified claim as September 12, 2018, as demonstrated by the release language in the settlement agreement in SOF ¶13 and other correspondence.

4

agreements with full releases but opined that the October 2018 agreement superseded the prior agreements (app. MSJ at 12-13). Appellant argued that the October 2018 settlement agreement "preserved the Overhead Claim from any release related to the Contract because of its plain, unambiguous meaning" (app. MSJ at 13).

The Government's Response

The government argued that there are genuine issues of material fact in dispute that require discovery and adjudication at a hearing to resolve. Specifically, that the October 2018 settlement agreement release regarding overhead "was narrow and limited to a claim for unabsorbed overhead under the Eichleay formula" but that appellant wanted to expand the exception to cover other subjects. Moreover, the government disputes appellant's interpretation that the 2018 settlement agreement release was meant to revive previously released claims. (Gov't MSJ resp. at 2)

Specifically, the government disputed appellant's fact 26a as a material fact, which stated, "The REA sought compensation in the amount of $6,112,348.80 for the administrative expenses—described in the REA as 'extended overhead.'" The government explained that the REA had categories for the $6,112,343.80 overhead claim as well as computed amounts for violations of the Prompt Payment act and interest (gov't MSJ resp. at 12). Further, the government asserted that the accompanying documentation for the $6,112,343.80 overhead claim was for 1,065 days of delay with calculations derived from using the Eichleay formula for unabsorbed overhead (gov't MSJ resp. at 12).

The government disputed fact no. 27 as a material fact, which stated that SVL certified the REA on September 12, 2018. The government asserted that appellant only certified the $6,112,343.80 claim for overhead, not the claims for the Prompt Payment Act violation or interest (gov't MSJ resp. at 12-13).

The government disputed fact 28e as a material fact, which quoted part of the October 2018 settlement agreement. The government quoted the full release paragraph of the settlement agreement. (Gov't MSJ resp. at 14)

The government disputed fact 29 as a material fact, which stated that the CO issued a COFD "denying SVL's September 12, 2018, claim for $6,112,348.80" (gov't MSJ resp. at 14). The government explained that the COFD "only addressed the unabsorbed overhead claim, and denied the claim on the basis that appellant's claim did not meet the requirements for an Eichleay formula unabsorbed overhead claim." (Gov't MSJ resp. at 14-15)

The government contended that the exception in the October 12, 2018 settlement agreement was expressly limited to appellant's unabsorbed overhead calculated under

5

the Eichleay formula, in the amount of $6,112,348.80 and applied to overhead that occurred beyond the termination for convenience (gov't MSJ resp. at 23-25). The government opined that no discrepancies existed between the settlement agreements and the prior full release was still valid (gov't MSJ resp. at 24-25).

Appellant's Reply

In its reply, appellant stated that the parties do not disagree on any material facts (app MSJ rep. at 1). Instead, the claims in this appeal arise from the same operative facts as the overhead claim and seek essentially the same relief as those in the overhead claim (app. MSJ rep. at 7). Appellant stated that the operative facts are the termination for convenience and, thus, should not be barred (app. MSJ rep. at 8).

DECISION

Summary judgment is proper if the record and pleadings demonstrate that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The moving party bears the burden of establishing the absence of any genuine issue of material fact, and all significant doubt over factual issues must be resolved in favor of the party opposing summary judgment." *Chugach Federal Solutions, Inc.*, ASBCA No. 61320, 20-1 BCA ¶ 37,617 at 182,594 (citing *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390-91 (Fed. Cir. 1987)). To defeat a motion for summary judgment, a non-moving party must set forth facts sufficient enough to demonstrate that a genuine issue of material fact exists. *AXXON International, LLC*, ASBCA No. 61224 *et al.*, 20-1 BCA ¶ 37,489 at 182,144 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A genuine issue of material fact arises when the nonmovant presents sufficient evidence upon which a reasonable fact finder, drawing the requisite inferences and applying the applicable evidentiary standard, could decide the issue in favor of the nonmovant." *C. Sanchez and Son, Inc. v. United States*, 6 F.3d 1539, 1541 (Fed. Cir. 1993). When considering motions for summary judgment, the evidence produced by the non-moving party is to be believed and all justifiable inferences are drawn in its favor. *Europe Asia Constr. Logistic*, ASBCA No. 61553, 19-1 BCA ¶ 37,267 at 181,351 (citing *American Boys Constr. Co.*, ASBCA No. 61163, 18-1 BCA ¶ 36,949 at 180,051).

Here, when viewed with all justifiable inferences drawn in its favor, the non-moving government demonstrated sufficient evidence of the existence of genuine issues of material fact. Specifically, appellant proposed facts regarding the overhead issues in this claim that expanded the issue in the certified claim referenced in the release exception of the October 12, 2018 settlement agreement. As these issues relate to the interpretation of the scope of the release, the record is not sufficiently developed to be resolved by summary judgment. *ASFA Uluslararasi Sanayi Ve Ticaret AS*,

6

ASBCA No. 61471, 19-1 BCA ¶ 37,261 at 181,338. Accordingly, appellant's motion must fail.

CONCLUSION

Appellant's motion is denied.

Dated: February 9, 2021

HEIDI L. OSTERHOUT
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

Owen C. Wilson
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62067, Appeal of Shneez Veritas, LLC, rendered in conformance with the Board's Charter.

Dated: February 9, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals